NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0121n.06

No. 24-1829

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

FILED
Mar 10, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| FADI ABI FAKHREDDINE, et al., | ) | |
| Plaintiffs-Appellants, | ) | |
|  | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF MICHIGAN |
| ERIC R. SABREE, Wayne County Treasurer, | ) | |
| Defendant-Appellee. | ) | OPINION |
|  | ) | |

Before:  SUTTON, Chief Judge; BOGGS and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Fadi Fakhreddine and Old Joy Investment Company appeal the district court's dismissal of their complaint.  We affirm, though on a different ground.

Fakhreddine and Old Joy owned real estate in Wayne County, and each failed to pay the property taxes they owed to the county.  The county treasurer, Eric Sabree, later petitioned the Wayne County Circuit Court for foreclosure against the properties.  *See* M.C.L. §211.78h.  In March 2018, the state court entered judgments of foreclosure, vesting "absolute title" to the properties in Sabree, as county treasurer.  Sabree thereafter sold Fakhreddine's property at auction for more than the amount of Fakhreddine's tax delinquency, but failed to give him any of the surplus.  Sabree also sold Old Joy's property to Wayne County for the amount of its tax delinquency; the county in turn conveyed the property to the Wayne County Land Bank, which then sold it to a developer, again for more than the amount of the tax delinquency.

In August 2021, Fakhreddine and Old Joy brought this action against Sabree, in his official capacity, seeking damages under the Fifth Amendment's Takings Clause, among other claims.

The district court dismissed the suit, but we reversed, directing the district court to "proceed in accordance" with our decision in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022). On remand, Fakhreddine and Old Joy amended their complaint, and Sabree again moved to dismiss. The district court granted the motion, holding that the applicable statute of limitations barred the plaintiffs' federal takings claim and their state-law conversion claim. The court declined to exercise jurisdiction over the remaining state-law takings claim, which the court dismissed without prejudice. This appeal followed.

Sabree argues that we should affirm because, he says, he is entitled to sovereign immunity. We decide that question de novo. *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 645 (6th Cir. 2013). When a county official commits an alleged constitutional violation by "complying with state mandates that afford no discretion," he acts "as an arm of the State" and is thus immune from suit. *See Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999). Sabree says he had "no control" over Wayne County's decision here to foreclose on tax-delinquent properties. Appellee Br. at 44. And once the county made that decision, Sabree says, his actions with respect to the plaintiffs' properties were compelled by state law. *Id.* at 44-45. We held in another case that Sabree was entitled to sovereign immunity in these same circumstances. *Bowles v. Sabree*, No. 22-1912, 2024 WL 1550833, at *3 (6th Cir. Apr. 10, 2024).

Here, Fakhreddine and Old Joy do not dispute that Wayne County chose to act as a "foreclosing governmental unit"—the entity authorized to seek foreclosure under the General Property Tax Act—or that the Act then required Sabree, as the county treasurer, to take the actions at issue here. Thus, on this record, Michigan law required Sabree to petition for foreclosure against the plaintiffs' properties after they were forfeited to him. *See* M.C.L. § 211.78h. Moreover, after Sabree took absolute title to Old Joy's property, Michigan law required that he convey it to Wayne

County once the county exercised its right to buy the property. *See* M.C.L. § 211.78m(1). Similarly, when neither the state nor a local government bought Fakhreddine's property, Michigan law required Sabree to sell it at auction. *See* M.C.L. § 211.78m(2). And, on this record, Michigan law did not allow Sabree to return any surplus proceeds to the plaintiffs. *See* M.C.L. §§ 211.78m; 211.78t. Michigan law thus compelled Sabree to take all the actions that the plaintiffs say make him liable here. He is therefore entitled to sovereign immunity under the Eleventh Amendment. *See Brotherton*, 173 F.3d at 566-67.

The district court dismissed the plaintiffs' federal takings claim and state-law conversion claim with prejudice. A dismissal for lack of jurisdiction, however, should (subject to exceptions immaterial here) be without prejudice. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (en banc). The district court's judgment is therefore modified to reflect a dismissal without prejudice.

As so modified, the district court's judgment is affirmed.